## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

John M. Heller et al.

v.

Hunter's Lodge
Civic Association

April 20, 1994

Case No. C94–50

By Judge William H. Ledbetter, Jr.

The plaintiffs are lot owners in Hunter's Lodge Subdivision. In this suit, they seek various types of relief against the property owners' association. The defendant Association responded with a plea in bar, a demurrer, and a motion to dismiss. The court heard arguments on April 18, 1994. This opinion letter sets forth the court's rulings.

*Plea in Bar*

By final decree on September 20, 1993, this court adjudicated *Goodwin v. Hunter's Lodge Civic Association* (# 92–62). An appeal of that case was rejected; therefore, the trial court's decision is final.

The Association prevailed in the *Goodwin* case against attacks upon (1) the validity of a 1992 amendment to the subdivision's restrictive covenants, (2) the Association's authority to resurface the roads in the subdivision, (3) the Association's authority to borrow money and to encumber common areas, (4) the validity of bylaws adopted in 1991, and (5) the power of the Association to impose special assessments. In that case, a commissioner in chancery conducted a hearing, made a number of factual findings, and filed a 35-page report. In confirming the commissioner's report, the court explained its decision in an eight-page opinion letter, memorialized in the final decree. [31 Va. Cir. 356.]

These plaintiffs were not parties to the *Goodwin* litigation. They are, however, property owners in Hunter's Lodge Subdivision. In fact, the

Goodwins are the parents of one of the plaintiffs in this case, and this suit was filed less than three weeks after the appeal in the *Goodwin* case was rejected. The Association contends that, in light of these circumstances, this case should be dismissed on the basis of stare decisis because, it argues, the plaintiffs here are "bound by the precedents of this court" resulting from rulings in the *Goodwin* case.

The Association is correct in observing that many of the issues raised by the plaintiffs in this suit are identical or similar to the issues decided in *Goodwin*. However, the Association's reliance on stare decisis as a complete bar to this case is misplaced.

Stare decisis, or "the law of the case," is a doctrine that holds that where a court has made an unreversed decision of a question of law or fact during the course of litigation, such decision settles that question for all subsequent proceedings in the case. Some authorities are of the view that the doctrine extends even to strangers to the case as long as the earlier ruling concerned precisely the same issue. Nevertheless, the doctrine is distinguished from res judicata in that it only directs discretion while res judicata compels judgment. Stare decisis, or the law of the case, is flexible whereas res judicata is absolute. Courts have an inherent power to correct earlier error to avoid injustice. See 8B M.J., *Former Adjudication and Res Judicata*, § 5.

Accordingly, the plea in bar must be denied. The plaintiffs are not barred from asserting their claims even though at least some of the claims are clearly predicated on questions addressed and adjudicated in the *Goodwin* case.

(The doctrine of res judicata was not asserted. Thus, the court expresses no opinion as to whether the plaintiffs are barred from relitigating issues decided in the *Goodwin* case on the ground that they are in privity, or in a representative capacity, with the Goodwins as fellow lot owners or as fellow Association members.)

This is not to say that the court will revisit in full each and every issue of fact and law ruled upon in the *Goodwin* case. The court will exercise its discretion in such matters during the course of litigation.

### Demurrer

The Association contends that certain prayers for relief sought by the plaintiffs are not available under the facts alleged in the bill of complaint. Specifically, the Association cites requests 1, 6, 7, and 8.

Assuming the truth of the facts alleged in the bill and all reasonable inferences that can be drawn from them, the court agrees with the Association that it cannot compel an "external audit" of the Association's books; it cannot require the original directors of the Association "who are alive at the present time" to produce "a set of bylaws which are consistent with the original deed of dedication, articles of incorporation, and the Virginia Code"; it cannot require the Association to amend its articles of incorporation to modify its purpose clause (although the court may, under appropriate circumstances, of course, find that clauses in an association's governing documents, or actions taken by the association, are void because of their incompatibility with the recorded restrictive covenants; see *Greenwood Estates Lots Owners Association v. King*, Spotsylvania County Circuit Court # C93–203); nor can it remove an officer of the Association and find him "disqualified from holding any office in the future."

Under certain circumstances, a court may take control of a non-stock corporation or grant relief similar to some of the requests in this suit, but that relief is not available under the facts alleged here. Accordingly, the demurrer will be sustained and prayers for relief ## 1, 6, 7, and 8 will be stricken. The plaintiffs may amend their bill, if they be so advised, within twenty-one days of the date of the order memorializing these findings.

### Motion to Dismiss

Finally, the Association asks the court to dismiss the bill because the plaintiffs are violating the rules pertaining to unauthorized practice of law.

The plaintiffs are proceeding *pro se*. They jointly filed the bill of complaint. At arguments on April 18th, they attempted to designate Culver as their "spokesperson."

The pleading is signed by all three plaintiffs. Similarly, other papers filed, a notice of hearing and a memorandum in response to the Association's plea, demurrer and motion to dismiss, bear the signatures of all plaintiffs.

As long as all plaintiffs participate in the preparation of, and sign, all pleadings in the case, and each plaintiff speaks for himself or herself in presenting evidence and arguments, the court sees no violation of the rules that prohibit persons not licensed to practice law from representing others in court proceedings.

The motion to dismiss will be denied.